
BET TZEDEK LEGAL SERVICES

Leslie Salzman  
Clinical Professor of Law

PHONE: 646-592-6570  
E-MAIL: Salzman@yu.edu

February 6, 2025

Hon. Allyne Ross  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, N.Y. 11201

Re: *Simmons and Lauture v. SUNco Capital, LLC*, et al., 24-cv-07129-ARR-LBD

Dear Judge Ross,

Counsel for Plaintiffs and counsel for the SUNco Capital/ATTYX Defendants ("SUNco") have met and conferred as directed by the Court. We submit the following proposed schedule for limited discovery prior to the bench trial directed by the Court to determine the limited issue of whether Plaintiffs are required to arbitrate the claims they have asserted against the SUNco defendants. Counsel for Plaintiffs and counsel for the SUNco Defendants jointly propose the following schedule for limited discovery:

1) The Plaintiffs and SUNco will exchange interrogatories/requests for documents by February 21, 2025.
2) The Plaintiffs and SUNco will respond to these requests on or before March 24, 2025.
3) ThePlaintiffs and SUNco will each conduct two depositions during the period of April 1-May 15, on dates and in locations arranged by counsel for the parties.  Plaintiffs plan to depose the SUNco agents present at the respective homes of plaintiffs at the times of the alleged signings of the installation agreements. Defendants plan to depose the two Plaintiffs.

Once counsel have deposition transcripts,  Plaintiffs and SUNco would be ready for the limited bench trial at the court's convenience.

Plaintiff Simmons's Position Regarding Defendant Solar Mosaic's Motion to Compel Arbitration

On January 31st, Defendant (lender) Solar Mosaic filed a motion to compel arbitration of Plaintiff Simmons's claims against it. In opposition to that motion, Plaintiffs' counsel will take the position that the court must decide at an evidentiary hearing whether Ms. Simmons agreed to arbitrate her claims against Mosaic. Plaintiffs also will take the position that the existence of an agreement requiring Ms. Simmons to arbitrate her claims against Mosaic turns on, or is closely

**CARDOZO LAW**
BET TZEDEK LEGAL SERVICES

related to, the existence/formation of the agreement with SUNco and the transaction between SUNco's agent and Ms. Simmons, Plaintiff's counsel respectfully requests that, at a minimum, the court hold Solar Mosaic's motion to compel arbitration in abeyance until the court's decision following the limited bench trial.

Defendant Solar Mosaic's Position Regarding its Motion to Compel Arbitration

As directed by the court, Plaintiff's counsel reached out to Defendant Solar Mosaic. In order to avoid submitting multiple letters to the court, I am including Solar Mosaic's position regarding its motion:

On January 31st, Defendant (lender) Solar Mosaic LLC ("Mosaic") filed a motion to compel arbitration of Plaintiff Simmons's claims against it. Plaintiff Lauture does not bring any claims against Mosaic. Mosaic filed its motion without a pre-motion letter because Mosaic, unlike SUNco, is not asking for dismissal pending arbitration but for a stay pending arbitration, so the pre-motion letter and conference is not required for Mosaic's motion.

Mosaic's position is that its pending motion to compel arbitration can be decided without discovery for the reasons set forth in that motion. Plaintiff's counsel has informed Mosaic that she would be asking the court to hold Mosaic's motion to compel arbitration in abeyance until the court's decision following the limited bench trial between Plaintiffs and SUNco. Mosaic does not oppose Plaintiff's request.

Very truly yours,

*Leslie Salzman*

2