```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
 SHEILA SIMMONS and MARIE                         :
 LAUTURE,                                         :
                                                  :
                              Plaintiffs,         :     **ORDER**
                                                  :
                - against -                       :     24-cv-7129 (BMC)
                                                  :
 SUNCO CAPITAL, LLC; ATTYX NEW                    :
 YORK LLC; ATTYX LLC; ATTYX, LLC                  :
 d/b/a SUNCO CAPITAL and SUNCO                    :
 SOLAR; SOLAR MOSAIC, LLC;                        :
 WEBBANK; ENERBANK USA; and                       :
 REGIONS/ENERBANK USA d/b/a                       :
 ENERBANK USA,                                    :
                                                  :
                              Defendants.         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This Order rules on defendants' pending motion to compel arbitration.

1. Despite skepticism that plaintiffs will succeed at trial, I cannot avoid the inexorable conclusion that material issues of fact preclude me from deciding the arbitrability question as a matter of law. See Brown v. St. Paul Travelers Companies, Inc., 331 F. App'x 68 (2d Cir. 2009) ("A motion to compel arbitration must be dismissed and a trial held if there is an issue of fact as to the making of the agreement for arbitration." (cleaned up)).

2. For similar reasons to those outlined in the Court's pre-discovery Memorandum Decision and Order, there is a genuine dispute over whether fraud tainted the execution of the loan agreements. Plaintiffs testified at their depositions that SUNCo representatives assured them the documents at issue were releases allowing SUNCo to verify plaintiffs' eligibility for government rebates. In other words, plaintiffs provide evidence that defendants misrepresented the "true nature and contents" of the documents signed. See Langley v. Fed. Deposit Ins. Corp.,

484 U.S. 86, 93 (1987). If so, there was no mutual assent between the parties, the contracts are void, and defendants cannot compel arbitration. See Kim v. Evergreen Adult Day Care in NY Inc., No. 22-cv-548, 2024 WL 989909, at *4 (E.D.N.Y. March 6, 2024).

3. Defendants' post-discovery submissions do not convince me otherwise. Sure, plaintiffs admitted they did not read the contracts, but that does not preclude a fraud-in-the-execution defense. A reasonable jury could find that the representatives' assurances excused the plaintiffs' ignorance of the contracts' terms. See McCaddin v. Se. Marine Inc., 567 F. Supp. 2d 373, 380 (E.D.N.Y. 2008). Just like it is fraud in the execution to tell your counterparties they are "signing a contract for cheese when it is in fact a contract for milk," Kilkenny ex rel. Constr. Council Loc. 175 Pension Fund v. Gold Coast Pavers, Inc., No. 18-cv-7197, 2021 WL 4340827, at *5 (E.D.N.Y. Sept. 22, 2021) (quotation omitted), it is fraud in the execution to tell your counterparties they are signing a release form when they are in fact signing a loan agreement.

4. I recognize that parts of plaintiffs' depositions throw the veracity of their stories into question, such as Lauture's statement that the SUNCo representative told her "they're gonna do the roof" and Simmons' admission that she understood she was "signing up to receive the solar panels." The DocuSign records revealing that plaintiffs used their emails to sign the forms also cut against their version of events. Yet I cannot weigh evidence or make credibility determinations at this stage. See Proctor v. LeClaire, 846 F.3d 597, 608 (2d Cir. 2017); Brown, 331 Fed. App'x at 69. And plaintiffs' accounts are not so "contradictory and incomplete" that it would "be impossible for a district court to determine whether the jury could reasonably find for the plaintiff[s]." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (cleaned up).

5. Defendants' motion to compel arbitration is accordingly denied without prejudice, and the case shall be set down for trial on the arbitration issue.

**SO ORDERED.**

*Brian M. Cogan*
                                  U.S.D.J.

Dated: Brooklyn, New York
           August 27, 2025